■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Ruben Castillo, Appellant.—

On December 7, 1985, at about 1:00 A.M., Police Officers Ryder and Straub observed the defendant and a companion running on Willoughby Street in Brooklyn. Officer Ryder saw what appeared to be a handgun in the defendant's right hand. Upon seeing the police car, the two men stopped running and began to walk at which time the defendant dropped what was in his hand. The officers detained the men and discovered that the dropped object was a toy gun.

Shortly thereafter, a radio report informed the officers of a robbery which had occurred a few minutes earlier in a location only two blocks away. The defendant and his companion were taken to the scene of the robbery where they were identified as the perpetrators by the victim.

Based upon the observation of what appeared to be a gun, we find that the police had a sufficient basis upon which to approach and to detain the defendant. The subsequent radio report of a recent robbery in the immediate vicinity further established the necessary reasonable suspicion that criminal activity was afoot. Based upon the identification by the victim of the robbery, the police obtained probable cause to arrest. Under the circumstances, the hearing court properly denied suppression *(see, People v Leung,* 68 NY2d 734; *People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.